EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* HÉCTOR TORRES ALVARADO y ROBERTO GUILBE RIVERA, acusados y apelantes.

Número: CR-67-74     Resuelto: 30 de diciembre de 1969

*William Morales Torres,* abogado de Héctor Torres Alvarado; *Pedro Malavet Vega,* abogado de Roberto Wilber Rivera; *J. F. Rodríguez Rivera, Procurador General Interino,* y *Elpidio Arcaya, Procurador General Auxiliar,* abogados de El Pueblo.

PER CURIAM: Los apelantes Héctor Torres Alvarado y Roberto Guilbe Rivera, fueron convictos por un jurado del delito de Escalamiento en primer grado. Torres Alvarado fue además declarado culpable por tribunal de derecho de infracción al Art. 4 de la Ley de Armas.

Para que revoquemos las sentencias dictadas en su contra, el apelante Torres Alvarado señala (1) que fue error admitir evidencia incriminatoria ocupada sin orden de allanamiento en un lugar distinto al del arresto del acusado, y (2) que erró el Tribunal al permitir que el jurado recibiera evidencia sobre manifestaciones incriminatorias del acusado Torres Alvarado sin que estuviera asistido de abogado y sin que se le hicieran advertencias sobre su derecho a no declarar.

El otro apelante Guilbe Rivera no ha presentado su alegato en apoyo del recurso, ni ha mostrado causas, según se lo ordenamos, porque no debía desestimarse su recurso por abandono.

En la noche del dos al tres de abril de 1966, se recibió en el cuartel de la policía de Coamo una llamada telefónica informando que el establecimiento comercial "Coamo Trading" ubicado en la calle Betances de dicha población estaba siendo escalado. El sargento de la policía, Leonardo Ortiz y cinco agentes más se trasladaron al referido establecimiento comercial. Al llegar notaron que un portón que había a mano izquierda había sido violentado. Unos agentes entraron por el lado derecho y otros por el lado izquierdo. Cuando los agentes entraron salieron tres personas corriendo de dentro del negocio. Dos de esas personas corrían en dirección donde había caído el sargento al saltar al patio del establecimiento. Una de esas dos personas era el acusado Torres Alvarado. El sargento lo agarró y comenzó un forcejeo entre ellos. Declara el sargento: ". . . Caí sobre unas matas de amapola y una tela metálica que hay allí y él me agarró y me dijo 'hijo de la gran puta ahora te voy a dar una puñalada' y yo ví que sacó algo y me tiró, pero yo me tiré por el lado de las matas de amapola y el instrumento que fue, aparentemente no pudo sacarlo de las amapolas y al incorporarse y yo también me dió un puñetazo en lado izquierdo de la cara y brincó por la verja y siguió corriendo y yo persiguiéndolo y pasó por diferentes patios y techos de casas hasta que finalmente se tiró por el patio de la residencia de la mamá de este señor Arocho que no recuerdo el nombre y abrió el portón y lo arrestamos ahí que estaba metido debajo de la casa."

Condujeron al apelante al cuartel de la policía. Los agentes regresaron al sitio y arrestaron a William Guzmán Figueroa, quien estaba debajo de una casa.

En el sitio donde el apelante le tiró con un instrumento al sargento, se encontró una bayoneta enganchada en la tela metálica.

Estando los dos arrestados en el cuartel, la policía volvió al sitio de los hechos y localizó un automóvil estacionado

como a una cuadra del establecimiento escalado(¹) y cuya tablilla correspondía con la que se había dado por teléfono a la policía. Las puertas del vehículo no tenían seguro. Lo llevaron hasta el cuartel y allí el apelante Torres Alvarado les entregó las llaves del referido vehículo. En su presencia la policía abrió el baúl y en el mismo encontró un taladro, varias herramientas de mecánico y un *flashlight* que tenía un cartón con un agujerito por dentro.

El coacusado Guilbe Rivera fue arrestado por la mañana.

El apelante Torres Alvarado no presentó prueba de defensa. El otro acusado Guilbe Rivera testificó en su favor y negó los hechos que se le imputaban.

El primer error no fue cometido. Si bien es cierto que algunos de los objetos encontrados en el baúl del automóvil fueron presentados en evidencia, surge del récord, que contrario a lo que alega el apelante, dicha evidencia fue admitida sin su objeción.

Cuando el Sargento Leonardo Ortiz declaró que ". . . el señor Torres me entregó la llave y me dijo que el vehículo era de él, me entregó la llave", la defensa objetó a lo que dijo el acusado y la Corte la sostuvo.

Es cierto que mientras declaraba el policía Raúl Hernández, la defensa se opuso a que declarara sobre manifestaciones del acusado y que el tribunal declaró sin lugar la objeción. Sin embargo, el fiscal continuó con otra línea de interrogatorio y el referido policía no declaró, ni después, ni antes de la objeción de la defensa, sobre manifestaciones hechas por el acusado apelante. De un cuidadoso estudio de la transcripción de la evidencia, no surge oposición alguna del apelante a la admisión de la evidencia ocupada en el baúl del automóvil. En estas circunstancias no es aplicable

(¹) El administrador del negocio, quien es hijo del dueño del mismo, declaró que se forzó un candado y una puerta y que encontró en la oficina papeles en el piso, libros y archivos, todo en desorden.

la doctrina del caso de *Pueblo* v. *Sosa Díaz,* 90 D.P.R. 622 (1964).

■ Al discutir el primer error hemos dispuesto también del segundo pues la única manifestación incriminatoria hecha por el apelante sin estar asistido de abogado y que se le hicieran las advertencias legales pertinentes en cuanto a su derecho a permanecer en silencio, y que como hemos visto, fue al efecto de que el automóvil era de él, no fue admitida en evidencia.

■ Es cierto que al tribunal sostener la objeción de la defensa a tales manifestaciones su abogado solicitó que se instruyera al jurado que no las tomara en consideración, a lo que el magistrado replicó que reprodujera la solicitud cuando fuera a dar las instrucciones. No lo hizo así el apelante. El magistrado preguntó a las partes si tenían alguna solicitud de instrucciones y contestaron que ninguna. La indicada omisión, por lo tanto, consideradas todas las circunstancias de este caso, no justifica la revocación de las sentencias.

En cuanto al recurso interpuesto por el coacusado Guilbe Rivera no se ha señalado ni hemos encontrado que se cometiera error alguno.

*Se confirmarán las sentencias apeladas.*

El Juez Presidente Señor Negrón Fernández y el Juez Asociado Señor Hernández Matos, no intervinieron. El Juez Asociado Señor Blanco Lugo, concurre en el resultado.